UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------X
XAVIERA ROMERO,

                Plaintiff

    v.

ST. VINCENT'S SERVICES, INC. d/b/a         19-CV-7282(KAM)(ST)
HEARTSHARE ST. VINCENT'S SERVICES ("HSVS")

                Defendant.
------------------------------------------------------------------------------------------X

## AMENDED COMPLAINT WITH DEMAND FOR JURY TRIAL

Plaintiff, XAVIERA ROMERO, by and through her attorneys, STEWART LEE KARLIN LAW GROUP, P.C. for her complaint herein alleges as follows:

### Introduction

1. This is an action for employment discrimination (gender-pregnancy) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000*e, et. Seq.*, the Administrative Code of the City of New York § 8-107 (New York City Human Rights Law, hereinafter "NYCHRL"), and the New York State Executive Law § 296 (New York State Human Rights Law, hereinafter "NYSHRL")

### Parties

2. At all times hereinafter mentioned, Plaintiff XAVIERA ROMERO, (female) was employed by Defendant ST. VINCENT'S SERVICES, INC. d/b/a HEARTSHARE ST. VINCENT'S SERVICES ("HSVS") (hereinafter "Defendant" or "HSVS") and was an employee as defined by the Administrative Code of the City of New York § 8-102 (NYCHRL) and the New York State Human Rights Law (NYSHRL) Executive Law

1

291 et. seq. In addition, Plaintiff was an "employee" as defined in Section 701(b) of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e.

3. Defendant HSVS is a nonprofit agency that provides family and residential foster care, prevention services, adoption, mental health and medical services to children, youth, and families. HSVS staff members serve over 5,000 New Yorkers each year. Further HSVS has its principal offices located at 66 Boerum Place, Brooklyn, NY 11201 and is employer as defined by the New York City Administrative Code 8-102, NYS Executive Law § 292 (5) and Title VII.

4. Defendant violated Title VII, NYSHRL and NYCHRL when it terminated Plaintiff due to her gender, specifically due to her pregnancy as set forth below.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over the NYSHRL and NYCHRL claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

7. Plaintiff satisfied all conditions precedent as she duly filed EEOC charges and this action was commenced with ninety days of receipt of the notice of right to sue letter.

8. Venue is proper, pursuant to 28 U.S.C. § 1391, in this Court because the actions of which Plaintiff complains were committed within this District.

**Statement of Facts**

9. Plaintiff was hired by Defendant HSVS on September 6, 2016. Plaintiff held the position of Director of Outpatient Clinics.

10. Plaintiff was terminated on or about September 26, 2018 by Michael Cutrona the VP of Human Resources and her immediate supervisor Jude Alexandre for discriminatory reasons, specifically because Plaintiff's supervisors found out that she was pregnant, perceived her to be pregnant and had a pregnancy-related medical condition.

11. During the time Plaintiff was employed with Defendant, there were no significant issues with her performance. Plaintiff had never been a subject of any disciplinary action and her performance was exemplary.

12. During her employment, Plaintiff met with Ms. Outlaw for weekly supervision. Further, the Defendant required Plaintiff to attend various meetings to address inter-departmental needs of the foster care and residential programs which Plaintiff attended. In December 2016 Plaintiff was assigned the additional responsibility of overseeing the on-site clinical services at all of the group home residential facilities under Defendant's control, including hiring and supervising staff for those sites.

13. In fact, her last performance evaluation that was conducted by Ms. Outlaw in or about June 2017, Ms. Outlaw did not indicate any need for a Performance Improvement Plan, or any significant performance issues. Additionally, Ms. Outlaw and Dawn Steffayah asked Plaintiff to become the director of the OASAS clinics, in addition to the OMH clinics and the off-site services of the residential facilities.

14. In July 2018 Jude Alexandre became Plaintiff's direct supervisor.

15. Plaintiff asked, as she was previously instructed to do by Dawn Steffayah, Jude Alexandre for an evaluation in 2018 (upon the Mrs. Outlaw's departure from HSVS, Plaintiff reported to Jude Alexandre directly).

16. Jude Alexandre and Plaintiff met bi-weekly to discuss an array of day to day functions. Plaintiff had requested more frequent (weekly) meetings, which Alexandre said was unnecessary, and he compromised on a bi-weekly meeting schedule.

17. In August of 2018, Dawn Staffeyah expressed her complete satisfaction with Plaintiff's work to date and approved a raise and a bonus for Plaintiff.

18. Accordingly, in August of 2018, Plaintiff was given a bonus and a raise due to the exemplary work that she had done for the 2 years.

19. Plaintiff's termination occurred approximately 30 days after being given the raise and bonus, and was due to Defendant due to her pregnancy, perceived pregnancy and pregnancy-related medical conditions

20. On or about September 10, 2018 Plaintiff called her direct supervisor Jude Alexander to inform him that she had to leave early from work due to medical problems. Plaintiff left a voicemail with that information on Jude Alexander's phone.

21. On or about September 11, 2018 Plaintiff first believed she was pregnant as Plaintiff underwent a fertility treatment on that date.

22. On or about September 13, 2018 it was confirmed by Plaintiff's medical provider that she was pregnant.

23. Plaintiff returned to work on September 14, 2018. Jude Alexandre was not in the office on that day, but upon his return on September 17, 2018, Plaintiff physically handed to

her direct supervisor Jude Alexander a doctor's note from Dr. Jovana Lekovich of Reproductive Medicine Associates of New York. The note, dated September 11, 2018, stated as follows:

> Please be advised that Xaveria Romero (DOB xx/xx/1973) is under my care at Reproductive Medicine Associates of New York.
>
> She will undergo a procedure today, and will be able to return to work on Monday, September 17, 2018.

24. Plaintiff had returned to work earlier than her doctor's recommendation due to the workload demand associated with an upcoming audit of Defendant.

25. Mr. Alexandre displayed what Plaintiff believes to be sexist behaviors towards her as he continuously would use inappropriate and demeaning language towards Plaintiff, in contrast to Plaintiff's male co-workers who were treated more respectfully and professionally than Plaintiff.

26. Plaintiff was scheduled to take vacation from September 17, 2018 through September 24, 2018. However, due to an audit, Plaintiff did not take her previously scheduled vacation on September 17, 2018 and instead worked to maintain Defendant's expectations and to meet with the auditor.

27. Thereafter, Plaintiff went on a short previously scheduled vacation and returned to work on September 25, 2018.

28. One day after Plaintiff's return from vacation, on or about September 26, 2018, Plaintiff was terminated from her position without an explanation. It was evident, that her termination was due to her pregnancy, perceived pregnancy and pregnancy-related medical condition(s), as she had just gotten a raise and a bonus for her exemplary

5

performance a month before her termination.

29. At the time of Plaintiff's termination, there was an upward trend in her productivity.

## AS AND FOR A FIRST CAUSE OF ACTION- NYCHRL

30. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

31. By reason of the foregoing, Defendant violated New York City Administrative Code § 8- 107 by terminating Plaintiff due to her gender (pregnancy, perceived pregnancy and pregnancy-related medical condition(s)).  As a result of defendant violating the New York City Administrative Code, plaintiff has been damaged, and the damage exceeds the minimum jurisdiction threshold of this Court.

## AS AND FOR A SECOND CAUSE OF ACTION- NYSHRL

32. Plaintiff repeats and realleges each and every allegation set forth in all the preceding paragraphs of this complaint as if fully set forth at length.

33. Defendant violated New York State Executive Law § 296 by subjecting Plaintiff gender (pregnancy, perceived pregnancy and pregnancy-related medical condition(s)) discrimination which resulted in her termination.  As a result of defendant violating the New York State Executive Law 296, plaintiff has been damaged, and the damage exceeds the minimum jurisdiction threshold of this Court.

## AS AND FOR A THIRD CAUSE OF ACTION- TITLE VII

34. Plaintiff repeats and realleges each and every allegation set forth in all the preceding paragraphs of this complaint as if fully set forth at length.

35. Plaintiff was subjected to discrimination due to her gender and in violation of Title VII

of the Civil Rights Act of 1964, as amended by being terminated due to her pregnancy (gender)(pregnancy, perceived pregnancy and pregnancy-related medical condition(s)). Plaintiff has been damaged, and the damage exceeds the minimum jurisdiction threshold of this Court.

## JURY DEMAND

36. Plaintiff demands a trial by jury for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### Prayer/Demand for Relief

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant as follows:

1. Back pay and compensatory damages for pain and suffering;

2. Damages to Plaintiff's professional reputation;

3. Attorney fees and costs;

4. A reasonable attorney fees plus the costs and disbursements of this lawsuit, and such additional relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
    December 3, 2020

STEWART LEE KARLIN
LAW GROUP, P.C.

  *s/* Daniel E. Dugan
STEWART LEE KARLIN, ESQ.
DANIEL E. DUGAN, ESQ.
*Attorney for Plaintiff*
111 John St., 22nd Floor,
New York, NY 10038
(212)792-9670
slk@stewartkarlin.com