UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
:
XAVIERA ROMERO, :
 :
       Plaintiff, : Civil Action No. 1:19-cv-07282 (KAM)(ST)
 :
       -against- :
 :
ST. VINCENT'S SERVICES, INC., d/b/a :
HEARTSHARE ST. VINCENT'S SERVICES, :
 :
       Defendant. :
 :
---------------------------------------------------------x

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Clifton Budd & DeMaria, LLP
*Attorneys for Defendant*
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, NY 10118
(212) 687-7410
Fax: (212) 687-3285
dpcatalano@cbdm.com
srtoren@cbdm.com

*Counsel*:
Douglas P. Catalano, Esq.
Stefanie R. Toren, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    PLAINTIFF HAS ABANDONED HER PREGNANCY-RELATED MEDICAL CONDITION CLAIM .................................................................................................. 2

    II.    PLAINTIFF'S CLAIMS OF PREGNANCY AND PERCEIVED PREGNANCY DISCRIMINATION SHOULD ALSO BE DISMISSED ...................................... 2

        A.    Plaintiff Fails to Establish a *Prima Facie* Case of Pregnancy or Perceived Pregnancy Discrimination ............................................................................. 2

            *i.*    *Plaintiff Never Notified Anyone at HSVS of Her Pregnancy* .......... 2

            *ii.*    *Plaintiff's Claim of Perceived Pregnancy Discrimination Under Title VII and the NYSHRL Should Be Dismissed* ............................. 3

            *iii.*    *Plaintiff Fails to Establish That Her Termination Occurred Under Circumstances Giving Rise to an Inference of Pregnancy or Perceived Pregnancy Discrimination* ............................................ 4

        B.    Plaintiff Fails to Establish That HSVS's Legitimate, Non-Discriminatory Reasons For Terminating Plaintiff's Employment Are Pretextual ............. 6

            *i.*    *Temporal Proximity* ........................................................................ 6

            *ii.*    *Prior Complaints* ............................................................................. 7

            *iii.*    *Performance Evaluation* .................................................................. 8

            *iv.*    *Raise and Bonus* ............................................................................. 8

            *v.*    *Meisel's Complaint* ........................................................................ 9

            *vi.*    *Progressive Discipline* .................................................................... 9

            *vii.*    *Insubordination* ............................................................................. 10

CONCLUSION .............................................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Bickerstaff v. Vassar Coll.*,
  196 F.3d 435 (2d Cir. 1999) .................................................................................................... 9

*Briggs v. Women in Need, Inc.*,
  819 F. Supp. 2d 119 (E.D.N.Y. 2011) ...................................................................................... 4

*Fleming v. MaxMara USA, Inc.*,
  644 F. Supp. 2d 247 (E.D.N.Y. 2009) ...................................................................................... 7

*Genao v. Avon Salon & Spa*,
  No. 06CIV.3667, 2008 WL 190605 (S.D.N.Y. Jan. 16, 2008) ................................................. 6

*Graziano v. First Choice Med., PLLC*,
  No. 17-CV-1349(JS)(AKT), 2019 WL 4393668 (E.D.N.Y. Sept. 13, 2019) ............................ 2

*Hartley v. Rubio*,
  785 F. Supp. 2d 165 (S.D.N.Y. 2011) ...................................................................................... 6

*Lambert v. McCann Erickson*,
  543 F. Supp. 2d 265 (S.D.N.Y. 2008) ................................................................................. 2, 6

*Larkin-Gallagher v. Champlain Valley Physicians Hosp. Med. Ctr.*,
  No. 18CV1173GLSCFH, 2020 WL 7061022 (N.D.N.Y. Dec. 2, 2020) ................................... 6

*Le v. New York State, Off. of State Comptroller*,
  No. 1:16-CV-1517, 2017 WL 3084414 (N.D.N.Y. July 18, 2017) ........................................... 3

*Lewis v. N. Gen. Hosp.*,
  502 F. Supp. 2d 390 (S.D.N.Y. 2007) ...................................................................................... 3

*McDowell v. T-Mobile USA, Inc.*,
  No. CV-04-2909 DGT, 2007 WL 2816194 (E.D.N.Y. Sept. 26, 2007) .................................... 4

*Petrisch v. HSBC Bank USA, Inc.*,
  No. 07-CV-3303 KAM JMA, 2013 WL 1316712 (E.D.N.Y. Mar. 28, 2013) .......................... 2

*S.E.C. v. Finazzo*,
  543 F. Supp. 2d 224 (S.D.N.Y. 2008) ...................................................................................... 5

*Singh v. Knuckles, Komosinski & Manfro, LLP*,
  No. 18-CV-3213 (NSR), 2020 WL 6712383 (S.D.N.Y. Nov. 16, 2020) .................................. 7

*Vale v. Great Neck Water Pollution Control Dist.*,
  80 F. Supp. 3d 426 (E.D.N.Y. 2015) ........................................................................................ 4

**STATUTES**

29 U.S.C. § 2000e(k) ................................................................................................................ 3

N.Y. Exec. Law § 296(1)(a) (McKinney) .................................................................................. 3

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 5

Fed. R. Civ. P. 56 ...................................................................................................................... 5

## PRELIMINARY STATEMENT

Defendant St. Vincent's Services, Inc. d/b/a HeartShare St. Vincent's Services ("HSVS" or "Defendant") submits this reply memorandum of law in further support of its summary judgment motion seeking dismissal of Plaintiff Xaviera Romero's ("Plaintiff") Amended Complaint (the "Complaint"). Contrary to Plaintiff's assertion, HSVS is not requesting that the Court "impermissibly weigh the evidence before it." Rather, the undisputed material facts confirm that Plaintiff has failed to establish claims of discrimination based on pregnancy, perceived pregnancy or pregnancy-related medical condition as a matter of law.

Fatal to Plaintiff's claims is Plaintiff's admission that her only notice of her alleged pregnancy and fertility treatments to Alexandre was the September 11 Note from her fertility specialists advising that she underwent a "procedure," which HSVS denies was ever received. It is undisputed that nowhere within the note does it specifically indicate that Plaintiff was pregnant or the nature of the procedure. Even if the note is interpreted as confirmation that Plaintiff was undergoing fertility treatments and, thus, Alexandre perceived Plaintiff to be pregnant, which HSVS denies, Plaintiff's claims should still be dismissed as Plaintiff contends that she provided the September 11 Note to Alexandre three days after Saffayeh made the recommendation to terminate Plaintiff's employment based on her pattern of poor treatment of employees and insubordination. Saffayeh could not have considered any perceived pregnancy in making this decision if neither she nor Alexandre were aware of Plaintiff's fertility treatments at the time.

# ARGUMENT

**I.   PLAINTIFF HAS ABANDONED HER PREGNANCY-RELATED MEDICAL CONDITION CLAIM**

The Court should dismiss Plaintiff's pregnancy-related medical condition discrimination claim as Plaintiff never opposed HSVS's argument that Plaintiff failed to identify a pregnancy-related medical condition that was not the pregnancy itself, abandoning this claim. "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." *Petrisch v. HSBC Bank USA, Inc.*, No. 07-CV-3303 KAM JMA, 2013 WL 1316712, at *17 (E.D.N.Y. Mar. 28, 2013)(citations omitted).[1]

**II.   PLAINTIFF'S CLAIMS OF PREGNANCY AND PERCEIVED PREGNANCY DISCRIMINATION SHOULD ALSO BE DISMISSED**

    **A.   Plaintiff Fails to Establish a *Prima Facie* Case of Pregnancy or Perceived Pregnancy Discrimination**

        *i.   Plaintiff Never Notified Anyone at HSVS of Her Pregnancy*

The parties do not dispute that in order to establish a claim of pregnancy or perceived pregnancy discrimination, Plaintiff must first establish a *prima facie* case showing that: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination." *Graziano v. First Choice Med., PLLC*, No. 17-CV-1349(JS)(AKT), 2019 WL 4393668, at *5 (E.D.N.Y. Sept. 13, 2019)(citations omitted).

While Plaintiff may contend that she was pregnant at the time of her termination, HSVS disputes that Plaintiff has provided any "admissible evidence from which a rational jury could infer that the employer knew that the plaintiff was pregnant" prior to her termination. *Lambert v. McCann Erickson*,

---

[1] If the Court does not dismiss this claim for abandonment, HSVS respectfully requests that the claim be dismissed for the reasons set forth in HSVS's moving papers and herein.

2

543 F. Supp. 2d 265, 277 (S.D.N.Y. 2008)(citation omitted). Plaintiff's sole evidence to support her claim that HSVS had knowledge of her pregnancy is her allegation that she provided the September 11 Note to Alexandre on September 17, 2018, which HSVS denies. Plaintiff had no discussions with anyone at HSVS about her pregnancy or fertility treatments nor does she allege that she provided documentation to anyone other than Alexandre.

Even if the Court deems there to be an issue of fact as to whether Alexandre received and read the September 11 Note on September 17, which HSVS denies, it cannot be disputed that nowhere within the September 11 Note does it explicitly state or even imply that Plaintiff was pregnant as of the date of the note. Rather, the September 11 Note provides that Plaintiff is "under my care at Reproductive Medicine Associates of New York" and "[s]he will undergo a procedure today." 56.1 ¶75. A rational jury could not infer that Plaintiff was, in fact, pregnant based on a reading of the note. In addition, Plaintiff contends that her pregnancy was not confirmed until September 13, 2018. P: 54:17-55:11. Simply put, Plaintiff's failure to establish that HSVS had notice of Plaintiff's ***actual pregnancy*** – not merely her fertility treatments – prior to her termination dooms her pregnancy discrimination claim.

        ii.      *Plaintiff's Claim of Perceived Pregnancy Discrimination Under Title VII and the NYSHRL Should Be Dismissed*

Plaintiff argues that HSVS perceived her to be pregnant based on Alexandre's alleged receipt of the September 11 Note, which HSVS denies.[2] Fatal to Plaintiff's perceived pregnancy discrimination claim is that neither Title VII nor the NYSHRL extend their protections to "to persons who are merely 'perceived' to belong to a protected class." *Lewis v. N. Gen. Hosp.*, 502 F. Supp. 2d 390, 401 (S.D.N.Y.

---

[2] To the extent that Plaintiff argues that Alexandre's alleged knowledge of Plaintiff's fertility treatments serve as "general corporate knowledge" by HSVS, the cases cited by Plaintiff do not stand for this proposition. Plaintiff cites retaliation cases that concern an employer's knowledge of protected activity, a required element of a retaliation claim. *See* Pl. Opp. MOL, p. 10.

2007); 29 U.S.C. § 2000e(k); N.Y. Exec. Law § 296(1)(a) (McKinney); *see Le v. New York State, Off. of State Comptroller*, No. 1:16-CV-1517, 2017 WL 3084414, at *6 (N.D.N.Y. July 18, 2017). Plaintiff fails to oppose HSVS's argument on this issue, effectively abandoning this claim. Plaintiff merely notes that the NYCHRL's protections extend to perceived discrimination claims, which HSVS does not dispute. N.Y.C. Admin Code § 8 107(1)(a)(2)(3).

> iii. *Plaintiff Fails to Establish That Her Termination Occurred Under Circumstances Giving Rise to an Inference of Pregnancy or Perceived Pregnancy Discrimination*

Plaintiff's claims should also be dismissed as she fails to establish that her termination occurred under circumstances giving rise to an inference of pregnancy or perceived pregnancy discrimination.[3] Plaintiff's sole evidence to establish an inference of discrimination is the temporal proximity between September 17, when she allegedly provided Alexandre the September 11 Note, and her termination on September 26. Plaintiff, however, relies on an incorrect standard to support her argument on summary judgment. *Vale v. Great Neck Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 437 (E.D.N.Y. 2015), sets forth that "temporal proximity is sufficient to raise an inference of discrimination to plausibly state a claim of employment discrimination" in the context of defeating a motion under Fed. R. Civ. P. 12(b)(6), a lower threshold than under Fed. R. Civ. P. 56. While temporal proximity can be considered when assessing an inference of discrimination, cases evaluating this issue on summary judgment "have noted that an inference of discrimination arises from temporal proximity… only when accompanied by other circumstantial evidence." *Briggs v. Women in Need, Inc.*, 819 F. Supp. 2d 119, 128 (E.D.N.Y. 2011). Plaintiff has not presented any other evidence, such as disparate treatment or disparaging remarks, to establish an inference of discrimination.

---

[3] Contrary to Plaintiff's assertion, HSVS argued in its moving papers that Plaintiff was not qualified for her position at HSVS and maintains this position.

Moreover, even if Plaintiff had presented other evidence, her temporal proximity argument still fails as it is undisputed that Saffayeh, who recommended and made the decision to terminate Plaintiff's employment, had no knowledge of the September 11 Note, that Plaintiff was pregnant or that Plaintiff had underwent fertility treatments prior to Plaintiff's termination. *See McDowell v. T-Mobile USA, Inc.*, No. CV-04-2909 DGT, 2007 WL 2816194, at *16 17 (E.D.N.Y. Sept. 26, 2007), *aff'd,* 307 F. App'x 531 (2d Cir. 2009). In order to establish an inference of discrimination, Plaintiff must "'do more than produce evidence that someone at [the defendant] knew [plaintiff was pregnant]. [Plaintiff] [is] obliged to offer evidence indicating that persons who actually participated in her termination decision had such knowledge." *S.E.C. v. Finazzo*, 543 F. Supp. 2d 224, 228 (S.D.N.Y. 2008), *aff'd,* 360 F. App'x 169 (2d Cir. 2009) (citation omitted).

There is no evidence in the record that Alexandre participated in making the decision to terminate Plaintiff's employment other than his agreement with Saffayeh's termination recommendation. Even if this were true, Alexandre's alleged participation occurred on September 14 *before* he allegedly received the September 11 Note on September 17. Thus, any influence that Alexandre could have had in Saffayeh making the decision to terminate occurred either before the September 14 call, in the form of Alexandre forwarding Meisel's email and notifying Saffayeh of Plaintiff's insubordination, or during this September 14 call. As a result, Plaintiff's alleged pregnancy or fertility treatments could not have influenced Alexandre, and thereby Saffayeh, before he received the note on September 17. Additionally, any argument that Plaintiff's September 2018 communications to Alexandre concerning her absences constitute Alexandre's notice of Plaintiff's alleged pregnancy and fertility treatments is without merit. A reasonable jury could not conclude that generic representations that one is "sick" or "not feeling well" imply that one is pregnant.

Finally, to the extent that Plaintiff questions the timing of the termination decision, the undisputed evidence in the record confirms that Saffayeh recommended termination on September 14. Saffayeh testified that she requested the September 14 call to discuss termination as she was "concerned" about Plaintiff's conduct. DS: 78:17-79:2; Saffayeh Aff, Ex. D. Saffayeh further testified that during this call, she stated "I think we need to terminate" and that the others on the call agreed with her recommendation. DS: 86:14-23. Any delay in implementing the termination was due to Human Resources processes and Plaintiff's vacation. DS: 92:2-19.

### B. Plaintiff Fails to Establish That HSVS's Legitimate, Non-Discriminatory Reasons For Terminating Plaintiff's Employment Are Pretextual

In the event the Court concludes that Plaintiff has established a *prima facie* case, Plaintiff's claims should still be dismissed as Plaintiff fails to establish that HSVS's legitimate, non-discriminatory reasons for terminating her employment are pretextual. HSVS has clearly set forth its low burden of production since HSVS's concerns about Plaintiff's managerial style and insubordination are recognized in this Circuit as legitimate, non-discriminatory reasons for termination. *See Lambert*, 543 F. Supp. 2d at 278; *Genao v. Avon Salon & Spa*, No. 06CIV.3667, 2008 WL 190605, at *5 (S.D.N.Y. Jan. 16, 2008); *Hartley v. Rubio*, 785 F. Supp. 2d 165, 178 179 (S.D.N.Y. 2011).

The burden then shifts to Plaintiff to establish pretext. None of the arguments raised by Plaintiff are sufficient to establish pretext, requiring dismissal of her claims.

#### i. Temporal Proximity

Any argument that the temporal proximity between September 17, when Plaintiff allegedly provided Alexandre the September 11 Note, and her termination on September 26 serves as evidence of pretext fails. It is undisputed that the events that resulted in Plaintiff's termination preceded any possible notice HSVS could have had of Plaintiff's fertility treatments. *See Larkin-Gallagher v. Champlain Valley Physicians Hosp. Med. Ctr.*, No. 818CV1173GLSCFH, 2020 WL 7061022, at *3 (N.D.N.Y. Dec. 2,

6

2020). Alexandre notified Saffayeh and others of Meisel's complaint on September 13 and the alleged insubordination occurred prior to that date. As discussed above, during the call on September 14, Saffayeh recommended Plaintiff's termination, three days prior to when Plaintiff allegedly provided Alexandre the note. Thus, any argument that Alexandre's knowledge of Plaintiff's alleged fertility treatments somehow tainted Saffayeh's decision fails as Alexandre could not have perceived Plaintiff to be pregnant during the September 14 call. There is also no evidence that Alexandre influenced the final termination decision after September 17. Additionally, Saffayeh clearly testified that she made the initial recommendation to terminate and it is undisputed that she had no knowledge of Plaintiff's alleged pregnancy or fertility treatments prior to her termination.

### ii. Prior Complaints

Assuming *arguendo* that Plaintiff can establish a temporal connection as circumstantial evidence of pretext, which HSVS denies, it is "insufficient in and of itself to demonstrate pretext." *Singh v. Knuckles, Komosinski & Manfro, LLP*, No. 18-CV-3213 (NSR), 2020 WL 6712383, at *11 (S.D.N.Y. Nov. 16, 2020)(citations omitted). Any attempt by Plaintiff to raise additional evidence of pretext is unavailing. Plaintiff argues that HSVS was somehow precluded from relying on the multiple complaints against Plaintiff in its termination decision because HSVS did not discipline her. The evidence is clear that the pattern of verbal and written employee complaints about Plaintiff's hostile and unprofessional attitude and communication-style, with the final straw being Plaintiff's "egregious" treatment of Meisel, resulted in Plaintiff's termination. DS: 62:21-64:21, 78:5-79:2. It is immaterial that HSVS never disciplined Plaintiff concerning the prior complaints as it is undisputed that Plaintiff was placed on notice of these verbal and written complaints and her need to improve her communication as a manager in her August 2017 performance evaluation, as well as in multiple conversations with Outlaw. Contrary to Plaintiff's assertion, Alexandre also testified that he discussed Plaintiff's communication style during his two months supervising her. JA: 54:20-55:19. That Saffayeh did not discuss these employee complaints

with Plaintiff during the brief period that she supervised her does not negate the fact that her other supervisors placed Plaintiff on notice of her deficiencies, yet she failed to improve. In addition, "a plaintiff's factual disagreement with the validity of an employer's non-discriminatory reason for adverse employment decisions does not, by itself, create a triable issue of fact." *Fleming v. MaxMara USA, Inc.*, 644 F. Supp. 2d 247, 266 (E.D.N.Y. 2009), *aff'd,* 371 F. App'x 115 (2d Cir. 2010) (citation omitted).

        *iii.*        *Performance Evaluation*

Moreover, Plaintiff's arguments about HSVS's failure to provide her with a second annual performance evaluation are misleading. Plaintiff received an evaluation after her first year of employment in August 2017 and was due to receive one in or around August 2018. It is undisputed that Alexandre only started supervising her in July 2018 and, thus, it is logical that any evaluation would be delayed until a new supervisor had sufficient time to review her work. Plaintiff also takes Saffayeh's testimony out of context. She testified that she did not feel "comfortable" conducting the performance evaluation during the brief transitional supervisory period as she did not directly observe her work for the year prior. DS: 41:11-42:14. That Saffayeh did not feel comfortable evaluating every aspect of Plaintiff's work for the year prior did not make Saffayeh unqualified as the Executive Director of HSVS to terminate Plaintiff's employment when she personally observed Plaintiff's communications with Meisel that she believed to be "egregious," as well as learned from Alexandre about Plaintiff's insubordination.

        *iv.*        *Raise and Bonus*

The reference to HSVS's issuance of a raise and a bonus to Plaintiff in August 2018 as a challenge to Saffayeh's credibility is also misleading. Nowhere within Plaintiff's opposition does she challenge Saffayeh's contention that the money was provided to compensate Plaintiff for an increase in her workload one year prior and not as a reflection of Plaintiff's work performance. Assuming the raise and bonus were merit-based, which HSVS denies, Plaintiff engaged in conduct toward Meisel that

8

Saffayeh believed to be "egregious" after she was issued this raise and bonus. Even if Saffayeh held Plaintiff to a higher standard as a Director, Plaintiff fails to present any evidence of other similarly-situated Directors who were held to a different standard than Plaintiff or engaged in similar conduct and were not terminated to possibly establish pretext.

    v.  *Meisel's Complaint*

Plaintiff's attempt to challenge the validity of Meisel's complaint fails. It is undisputed that Meisel made a complaint about Plaintiff's failure to grant his request to leave work early to observe Yom Kippur and Plaintiff's unprofessional conduct toward Plaintiff and others. It is immaterial that she did not deny the request or that HSVS's policy may not have required supervisory approval. If that was the case, Plaintiff should have merely approved the request rather than request that her and Meisel have a discussion and create anxiety for her subordinate who clearly thought he had not yet been granted the time off. DS: 83:25-85:3; 56.1 ¶¶51-56. It is further undisputed that Plaintiff did not grant the request, although the request was ultimately approved by HSVS. Plaintiff also conveniently omits in her opposition any reference to Plaintiff's retort to her subordinate (and one of Saffayeh's significant concerns): "Just because you request time off does not automatically mean it gets approved." 56.1 ¶54.

    vi.  *Progressive Discipline*

Additionally, any argument that HSVS allegedly failed to abide by its progressive discipline policy, which HSVS denies, is unavailing to establish pretext. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 453–454 (2d Cir. 1999), *as amended on denial of reh'g* (Dec. 22, 1999). Nowhere within HSVS's employee handbook does it require HSVS to follow a certain pattern of discipline nor does it prohibit HSVS from terminating an employee even on the first instance of unsatisfactory conduct. Toren Aff., Ex. 3, pp. 47-49. Significantly, Plaintiff omits critical testimony of Saffayeh in making her point. While Saffayeh acknowledges HSVS's progressive discipline protocol, Saffayeh testified that "there's nothing that prohibits us -- my policy -- our policy is certainly not that you are require[d] to go from verbal to

written to termination. At any moment we can terminate an employee based on their actions. So, it just depends on the severity of the employee's, you know, behavior as well as the level of the position...." DS: 67:23-68:10.

### vii. *Insubordination*

In a final baseless attempt to establish pretext, Plaintiff falsely argues that HSVS has abandoned its position that one of the reasons for Plaintiff's termination was Plaintiff's insubordination. HSVS clearly argued in its moving papers that one of HSVS's legitimate, non-discriminatory to terminate Plaintiff's employment was "her insubordination in connection with her refusal to implement HSVS's plan to conduct initial mental health assessments for foster care children in its programs" and included in its fact section testimony from Alexandre and Saffayeh on this issue. *See* HSVS Memo of Law, pp. 8, 20-21. Although Plaintiff denies that she objected to HSVS's request, Plaintiff's insubordination was only one of the independent reasons for termination – the other being the undisputed complaint by Meisel as part of a pattern of complaints about Plaintiff's communication with her subordinates.

## CONCLUSION

For the reasons set forth in HSVS's moving papers and herein, HSVS respectfully requests that this Court grant its motion for summary judgment in its entirety, dismiss Plaintiff's Complaint in its entirety and award HSVS such other and further relief as this Court deems just and proper.

Dated: New York, New York  
        February 4, 2022

Respectfully Submitted,  
CLIFTON BUDD & DeMARIA, LLP

By: *Stefanie Toren*  
     Douglas P. Catalano  
     Stefanie R. Toren