UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN DOE,

                                       **MEMORANDUM AND ORDER**
               Plaintiff,              22-CV-644 (KAM) (LB)

     -against-

STARDYAN RAYMOND JONES;
ST. VINCENT'S SERVICES, INC.;
EVELYN PADRAZZA; ELIZABETH RICCIO,

               Defendants.
----------------------------------------------------------------X
**MATSUMOTO**, United States District Judge:

      Plaintiff John Doe, who was incarcerated at Five Points Correctional Facility at the time of the filing of the complaint,[1] brings this *pro se* action pursuant to the New York Child Victims Act ("CVA").[2] (ECF No. 1, Complaint ("Compl.").) The Court grants Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, and dismisses the complaint without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

      Plaintiff alleges that in 2011 and 2012, he "was repeatedly and unlawfully sexually abused by Stardyan Jones while employed with St. Vincent's Services." (Compl. at 4.) Plaintiff further alleges that Defendants Riccio and Padrazza "negligently supervised Stardyan Jones and failed to report allegations of sexual abuse and allowed Stardyan Jones to continue to work with children under his supervision when they [knew] or should have known that there was a risk of sexual abuse to children under Jones['s] supervision." (*Id.*).

---

[1] By letter dated February 17, 2022, Plaintiff provided an updated address to the Court. (ECF No. 6.)
[2] The CVA, enacted on February 14, 2019, "expanded the statute of limitations that applies to civil suits against parties whose omissions or negligence facilitated the commission of child sexual abuse. Pursuant to the CVA, victims of child sexual abuse may now bring suit until they turn 55 years old." *Roman Catholic Diocese of Rockville Ctr., N.Y. v. Arrowood Indem. Co.*, No. 20-cv-11011(VEC), 2021 WL 1978560, at *1 (S.D.N.Y. May 17, 2021). *See* N.Y. C.P.L.R. § 214-g.

## **STANDARD OF REVIEW**

The Court must dismiss an IFP complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). Indeed, federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and "[w]here jurisdiction is lacking, . . . dismissal is mandatory." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (internal quotation marks omitted).

To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

## DISCUSSION

Federal jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. *See Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) ("Congress has granted district courts original jurisdiction over cases in which there is a federal question, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met.") (citations omitted). It is Plaintiff who bears the burden of proving, by a preponderance of the evidence, that this Court has subject matter jurisdiction over his claims. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Here, the complaint does not set forth any basis for federal jurisdiction. (Compl. at 2.) Plaintiff's allegations, even liberally construed, assert claims arising under state law such as: negligent hiring, retention, and supervision; negligent, reckless, and willful misconduct; premises liability; breach of fiduciary duty; breach of duty to act in loco parentis; and breach of statutory duty to report.[3] (*Id.* at 4.) And though the CVA extends the statute of limitations for civil actions brought by victims of child sexual abuse, *Arrowood Indemnity Co.*, 2021 WL 1978560, at *1, "the CVA itself does not create a cause of action, nor does it regulate conduct." *Holloway v. Holy See*, 537 F. Supp. 3d 502, 505 (S.D.N.Y. May 5, 2021). In addition, Plaintiff does not allege diversity

---

[3] Plaintiff also alleges "cruel and unusual punishment," "sexual abuse of child," and "producing child pornography." The Eighth Amendment prohibits cruel and unusual punishments; "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. International Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO*, 941 F.2d 1292, 1295 (2d Cir. 1991)). Here, the complaint does not allege any facts suggesting that any conduct on the part of Defendants constitutes state action. Furthermore, "sexual abuse of child" and "producing child pornography" are not civil causes of action pursuant to which Plaintiff may seek monetary relief.

jurisdiction, which is lacking in any event, as Plaintiff alleges that he and Defendants are all New York residents. (*See* Compl. at 2–3.)

## CONCLUSION

The complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Because, on the face of the complaint, an amendment would be futile based on the lack of federal question or diversity jurisdiction, leave to replead is denied. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.").

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this case, and send a copy of this Memorandum and Order and the judgment to *pro se* Plaintiff and note service on the docket.

**SO ORDERED.**

Dated: Brooklyn, New York
       June 8, 2022

                         /s/
KIYO A. MATSUMOTO
United States District Judge